Martin, J.
I concur in the opinion which my colleague is about to deliver.
Mathews, J.
In this case the plaintiff and appellant claims a tract of land, of ten arpents in front, situated in the parish of Natch *300 itoches, on the bayou, or river Conan, at a place called St. Maurice.
The evidences of title offered by him, are a requete, order of survey, and favourable report of the land commissioners of the united state, and confirmation by the act of congress of 1816.
The requete, which is the foundation of his title, calls for the place above stated, and prays for land to be bounded above by J. B. Brevel, and below by vacant lands.
The defendant pleaded the general issue and prescription. By an amendment to the answer, in the original plea, after a general denial of the facts contained in the petition, the defendant alleged he had a better title to the land claimed, than the plaintiff. This is relied on by the latter, as an admission of the locus in quo, and he urges, that in consequence of this admission he produced no witness below, to fix with certainty the location of his land, believing that the decision of the case depended entirely on the strength of the opposite titles of the parties.
The onus probandi is always placed on him who alleges a fact, when it is denied: but it is most clearly otherwise, when it is admitted *301 in the whole or in part. In the present case, a question arises, how far the general denial ought to be controled by the subsequent allegation of title. I am of opinion that this allegation does not impair the force and effect of the plea of the general issue. For should it prove to be true, that the plaintiff has no title to the land occupied by the defendant, it is clear that the latter has a better right to remain in possession than the former has to turn him out.
In a petitory action, the demandant must shew title, and make it out satisfactorily in all points, to entitle himself to a recovery, both as to title and identity of the land.
In this case the plaintiff has shewn a title for the quantity of land claimed in his petition, at a place vulgarly called St. Maurice. The defendant, by exhibiting the certificate of the land commissioners, and the act of congress of 1816, relating to land claims, has also shewn title to a tract of land, at the same place, of 640 acres, under what is called a settlement right, founded on no title, from the Spanish government, either in part or complete. I am inclined to think, that the title offered by the plaintiff is good, as to the land it *302 calls for. Nothing in the evidence, as it comes up with the record, shews that his title must be located on the identical part possessed by the defendant. On the contrary, it is proved by the witnesses introduced by the latter, who were properly admitted to testify, as they do not appear to have been called to support their own interest, that the place called St. Maurice, is a district of considerable extent, and that the land of Brevel, which the plaintiff calls for, as his upper boundary, is distant from that occupied and claimed by the defendant, about one league.
Upon the whole, I am of opinion that the plaintiff and appellant has not made out his title to the land in the possession of the defendant and appellee.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.